IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JOHN FISHER<br><br>Defendant. | CASE NO. 1:26-cr-00006-ACP-MMS<br><br>**FINAL REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY** |

| Guilty Plea to Charge(s)<br>-33:409 Obstruction of Navigable Waters by Vessels<br>-<br>- | | |
|---|---|---|
| Count(s)<br>1 | Lesser Included Offense:<br>◉No<br>◯Yes: of count | Admit Forfeiture:<br>- |
| Charging Instrument:<br>Misdemeanor Information | Docket Number<br>1 | |
| Plea Agreement:<br>Yes | Docket Number<br>28 | |

Upon Defendant's request to enter a guilty plea, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, to Count(s) 1 of the Misdemeanor Information Dkt 1 , this matter was referred to the Magistrate Judge by the District Court with the written

and verbal consents of Defendant, counsel for Defendant, and counsel for the United States.

Thereafter, the matter came before this Court for a hearing on Defendant's guilty plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure, in open court and on the record.

In consideration of that hearing and the colloquy made by the Defendant under oath, on the record, in the presence of counsel, and the remarks of the Assistant United States Attorney,

**A. I make the following FINDNGS – that the Defendant understands:**

☑ That any false statements made by the Defendant under oath may later be used against him in a prosecution for perjury;

☑ The right to persist in a plea of not-guilty;

☑ The potential for deportation or denial of re-entry;

☑ The nature of the charges against the Defendant;

☑ The loss of certain federal benefits;

☑ The maximum possible sentence, including imprisonment, fine, supervised release, and any applicable mandatory minimum sentence;

☑ The Court's authority to order restitution;

☑ The mandatory special assessment;

☑ Any applicable forfeiture;

☑ The right to a speedy and public trial by jury;

☑ The right to be represented by counsel and, if necessary, to have the court appoint counsel at trial, and at every other stage of the proceedings;

☑ The right to: confront and cross-examine adverse witnesses, to remain silent, to testify and present evidence, and to compel the attendance of witnesses;

☑ That a plea of guilty operates as a waiver of trial rights;

☑ That the Defendant knowingly, intelligently, and voluntarily waives all right to appeal or collaterally attack (except on the grounds of ineffective assistance of counsel and the voluntariness of her plea); and

☑ That in determining a sentence, the court's obligation to calculate the applicable sentencing guideline range pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission and to consider that range, as well as departures under the Sentencing Guidelines, and variances under 18 U.S.C. §3553(a).

**B. I further FIND that:**

1. The Defendant is competent to enter an informed plea;
2. The Defendant is aware of his rights and has had the advice of legal counsel;
3. That the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force, threats, or coercion;
4. ☑ Any agreements or promises which induced the plea of guilty are set forth in the written plea agreement or on the record; and

   ☐ No plea agreement, this is an open plea;
5. That there is a factual basis for the Defendant's plea.

**C. I RECOMMEND** that the District Court accept the Defendant's plea of guilty to Count(s) 1 of the Misdemeanor Information

☐ **I FURTHER RECOMMEND** the District Court accept the Defendant's admission to Criminal Forfeiture Allegation(s) -

//
//

**D. IT IS ORDERED:**

That a Presentence Report be prepared by the U.S. Probation Office.

1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report (Fed. R. Crim. P. 32(f)(1));

2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing (D.Ak. L.Cr.R. 32.1(d)).

The Sentencing hearing will be before the United States District Judge. The court excludes time from July 27, 2026 until the time of sentencing pursuant to 18 U.S.C. §3161(h)(1)(G) on the grounds that the District Judge will be considering the proposed plea agreement.

Dated July 27, 2026, in Anchorage, Alaska

Matthew M. Scoble
United States Magistrate Judge

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within **seven (7) days** from the date of service of this Report and Recommendation. **The shortened objection deadline is due to the request of the District Court Judge. Fed. R. Crim P. 59(b)(2) and D. Ak. L.M.R. 6(a) authorizes the court to alter the standard objection deadlines.**

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).